**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**Mark R. CRITTENDEN,**
**et al., Defendants.**

**No. CV 91–2019–JGD (TX).**

United States District Court,
C.D. California.

March 16, 1993.

James M. Spears, Marcy J.K. Tiffany, Marjorie Lakin Erickson, and Linda M. Stock, F.T.C., Los Angeles, CA, for plaintiff.

Mark R. Crittenden, pro se.

## ORDER GRANTING IRS' MOTION TO DISALLOW RECEIVER'S INTENDED DISTRIBUTION TO FRANCHISE TAX BOARD

DAVIES, District Judge.

On February 16, 1993, the Internal Revenue Service filed its Motion to Disallow the Receiver's Intended Distribution to the Franchise Tax Board. After reviewing the respective parties' written submissions, the Court HEREBY GRANTS the Internal Revenue Service motion and ORDERS the Receiver to distribute the receivership funds allocated to Defendant Mark R. Crittenden's tax liability to the Internal Revenue Service.

### FACTUAL BACKGROUND

Defendant Mark R. Crittenden's copier supply business, including Regional Supply Company, Regional Supply Center, Regional Copier Supply and United Supply Company were shut down and seized by the Federal Trade Commission ("FTC") pursuant to a temporary restraining order issued by this Court on April 15, 1991. The temporary restraining order froze the assets of Defendants Mark R. Crittenden ("Crittenden") and Regional Supply Company, and placed the property and business of Regional Supply Company in the control of the Receiver, George E. Schulman. On May 2, 1992, the Court issued an Injunction Order providing that the Receiver take custody, control, and possession of all funds, property, premises, mail, and other assets of all defendants, and conserve, hold, and manage all such assets. Order for Preliminary Injunction With Asset Freeze and Appointment of Permanent Receiver, 16–17 (May 2, 1991).

On June 28, 1991, Crittenden filed a voluntary bankruptcy petition. On July 18, 1991, the Court withdrew reference to the bankruptcy court pending resolution of matters outside the scope of the bankruptcy court's jurisdiction.

On July 28, 1992, the Court entered a Stipulated Final Judgment ("Judgment") with regard to the dispute between the FTC and Crittenden. At that time, the Court also renewed the reference to bankruptcy court for resolution of any remaining creditor disputes. The parties to the Judgment were Crittenden, the FTC, and the Receiver. The Judgment directed the payment of funds held by the Receiver as follows: (1) $150,000 is to be forwarded to the Internal Revenue Service ("IRS") and/or the Franchise Tax Board ("FTB") as requested by Crittenden and following notice to the parties and the creditors, Judgment, 20, ¶ XIII; (2) the funds remaining after the receiver's fees and expenses are to be distributed to Crittenden's customers under a consumer redress procedure proposed by the FTC, *id.* at 20–21, ¶ XIV; and (3) if distribution of any of the funds is impracticable, the undistributed funds are to be transferred to the U.S. Treasury upon motion and approval by the Court, *id.* at 21, ¶ XIV. The Judgment provided that Crittenden will have no right to object to the consumer redress plan or disposition of the funds. *Id.*

On February 1, 1993, the Court heard oral argument on the Receiver's Petition for Distribution, Mark R. Crittenden's requests, and creditor Alan S. Bercutt's request for payment. On March 4, 1993, the Court granted the Receiver's petition, denied Crittenden and Bercutt's requests, and ordered distribution of $150,000 to the IRS and/or the FTB pursuant to the Judgment, ¶ XIII, $28,000 to the Receiver for administrative expenses, and approximately $250,000 in consumer refunds to Crittenden's customers.

On February 16, 1993, Crittenden filed an Ex Parte Petition for Relief. The Court denied Crittenden's petition on March 4, 1993. 823 F.Supp. 699. On January 29, 1993, the Receiver filed a Notice of Distribution of Funds to the Franchise Tax Board. The Receiver notified the Court of his intent to distribute the entire $150,000 allotted toward Crittenden's tax liability to the FTB pursuant to the Judgment, ¶ XIII and Crittenden's request. These funds would be designated to reduce Crittenden's liability on the FTB's lien number 90–210–4892. The Re-

ceiver proposed to distribute none of the receivership funds to the IRS.

By the present motion, the IRS seeks to disallow the Receiver's intended distribution of $150,000 to the FTB. The IRS asserts that the Judgment itself does not allocate the $150,000 between the IRS and the FTB. In addition, the IRS was not a party to the Judgment. The IRS requests that, pursuant to lien priority and statutory priority under 31 U.S.C. § 3713, the $150,000 allocated to the tax authorities should be ordered distributed to the IRS.

The Receiver does not oppose the IRS' Motion to Disallow or distribution of the funds to the IRS. He states that the IRS lien is senior to the FTB lien. Defendant Mark R. Crittenden similarly does not oppose the distribution of the funds to the IRS. The Federal Trade Commission takes no position with regard to the IRS' Motion to Disallow. The Franchise Tax Board did not file a written response to the IRS' motion.

### DISCUSSION

The instant motion seeks a determination of whether the $150,000 to be distributed to the taxing authorities pursuant to the Judgment should be distributed to the IRS or to the FTB. The IRS asserts that the funds should be payable to the IRS based upon either lien priority or statutory priority pursuant to 31 U.S.C. § 3713.

The IRS filed a proof of claim against Crittenden on January 22, 1993 for $1,230,-478.75. The IRS tax lien is composed of the following amounts:

(1) 1986 income taxes assessed on October 23, 1989 originally $56,654 and totalling $5,512.85 as of February 5, 1993.

(2) 1987 income taxes assessed on October 23, 1989 originally $113,482 and totalling $207,758.30 as of February 5, 1993.

(3) 1988 income taxes assessed on August 27, 1988 originally $241,810 and totalling $332,626.01 as of February 5, 1993.

(4) 1989 income taxes assessed on November 26, 1990 originally $461,259 and totalling $671,990.52 as of February 5, 1993.

The FTB filed its Notice of State Tax Lien number 90–210–4892 against Crittenden for the 1988 and 1989 taxable years in the amount of $253,955.10 on December 11, 1990. Such lien was recorded in Los Angeles County on December 21, 1990.

*A. Statutory Priority Pursuant to 31 U.S.C. § 3713*

The IRS asserts that it is entitled to statutory priority pursuant to 31 U.S.C. § 3713. On January 22, 1993, the IRS filed with the Court a Proof of Claim in the amount of $1,230,478.75 for federal income taxes owed by Crittenden for tax years 1986–1989. The IRS asserts that its claim is entitled to first priority in the distribution of the receivership funds pursuant to 31 U.S.C. § 3713(a), which provides:

(1) A claim of the United States Government shall be paid first when—

(A) a person indebted to the Government is insolvent and—

(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;

(ii) property of the debtor, if absent, is attached; or

(iii) an act of bankruptcy is committed

. . .

*Id.* The IRS asserts that § 3713 applies because Crittenden is insolvent and an act of bankruptcy will be committed if the Receiver makes the contemplated payments to creditors other than the United States.

Since the purpose of § 3713 is to "secure adequate revenue to satisfy burdens on the federal treasury, the provision is given a liberal interpretation in order to effectuate this purpose." *United States v. Cole,* 733 F.2d 651, 654 (9th Cir.1984) (citing *United States v. Moore,* 423 U.S. 77, 81–82, 96 S.Ct. 310, 313, 46 L.Ed.2d 219 (1975)). The burden to prove exemption from this statute lies upon those who claim exemption to show that the statute does not apply. *United States v. Whitney,* 654 F.2d 607, 609 (9th Cir.1981) (quoting *Bramwell v. United States Fidelity and Guaranty Co.,* 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926)).

In *Whitney,* the court found an "act of bankruptcy" where an individual who held himself out to be a receiver made payments

to creditors other than the United States, which had notified the purported receiver of his tax liability for federal employment and unemployment taxes. 654 F.2d at 609–610. Courts have defined "insolvency" under the predecessor to § 3713 as where a debtor's assets exceed his liabilities and where his property is insufficient to pay all his debts. *See, e.g. Lakeshore Apartments, Inc. v. United States*, 351 F.2d 349 (9th Cir.1965); *United States v. Oklahoma*, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638 (1923). Under this definition, Crittenden is insolvent because his liabilities exceed his assets and the receivership estate is insufficient to pay all of his creditors, including the IRS and the FTB.

Section 3713 is to be liberally construed. *United States v. Cole*, 733 F.2d 651, 654 (9th Cir.1984) (citing *United States v. Moore*, 423 U.S. 77, 81–82, 96 S.Ct. 310, 313, 46 L.Ed.2d 219 (1975)). The Court finds that Crittenden is insolvent and the contemplated transfers constitute an act of bankruptcy. Therefore, the IRS lien is entitled to statutory priority pursuant to 31 U.S.C. § 3713.

*B. Lien Priority*

Alternatively, the IRS asserts that there is no showing that the lien of the FTB is entitled to priority over the IRS federal tax liens under lien priority principles.

The issue of the relative priority of IRS liens and competing liens was addressed by the Ninth Circuit in *In re Priest*, 712 F.2d 1326, 1327 (9th Cir.1983), *modified*, 725 F.2d 477 (9th Cir.1984). In *Priest*, the court held that the IRS lien had priority over a California unemployment tax lien recorded at a later date. *Id.* at 1327. The court stated, "the priority of statutory liens is determined by the principle of 'the first in time is first in right,' but the lien that is competing with the federal lien must be perfected" by establishing the lienor, the property subject to the lien, and the amount of the lien. *Id.* at 1327–28 (quoting *United States v. New Britain*, 347 U.S. 81, 84–85, 74 S.Ct. 367, 369–70, 98 L.Ed. 520 (1954)). The court noted that the mere passing of the due date of a tax return does not identify the lienor, the property, or the amount due. 712 F.2d at 1328. Thus, the court found that a lien could not arise before the state took any administrative steps to establish the lien. *Id.* at 1329.

■ In the instant matter, the IRS notes that there is no evidence of a tax assessment by the FTB prior to the IRS tax assessment. Motion to Disallow, 9. Under 26 U.S.C. § 6322, the IRS lien imposed upon taxpayers who refuse to pay their tax liability after demand arises at the time the assessment is made. 26 U.S.C. § 6322. The IRS assessed its taxes against Crittenden on October 23, 1989, August 27, 1990, and November 26, 1990.

Under *Priest*, the FTB lien would arise at the time it becomes choate by establishing the identity of the lienor, the property subject to the lien, and the amount of the lien. *Priest*, 712 F.2d at 1328. In the instant matter, although the FTB lien was recorded on December 21, 1990, the FTB has not demonstrated when it assessed its taxes against Crittenden. *See* Receiver's Response to Motion by United States, exhibit A (noting date FTB lien was recorded). Thus, the FTB has not demonstrated that its lien was assessed prior to the IRS liens.

The Court observes that the IRS liens were recorded before the FTB lien. The IRS recorded its tax liens in Los Angeles County on June 27, 1990 for taxable years 1986 and 1987 in the amount of $236,986.87 and on December 4, 1990 for taxable year 1988 in the amount of $247,541.57. IRS Proof of Claim (January 22, 1993). The IRS recorded a third tax lien in Los Angeles County on July 23, 1991 for taxable year 1989 in the amount of $484,279.96. *Id.* The FTB recorded its lien in Los Angeles County on December 21, 1990.

Thus, the Court finds that the FTB has not demonstrated that it assessed its taxes against Crittenden earlier in time than the IRS. In the absence of such information, the Court finds that the IRS liens are first in time and entitled to lien priority based upon an earlier assessment. In addition, the IRS liens are entitled to statutory priority pursuant to 31 U.S.C. § 3713. As a result, the Court disallows the receiver's intended distribution of $150,000 to the FTB and orders the funds distributed to the IRS.

## CONCLUSION

For the reasons stated above, the Court HEREBY GRANTS the IRS' Motion to Disallow the Receiver's Intended Distribution and ORDERS the Receiver to distribute the entire $150,000 allocated to Crittenden's tax liability to the IRS.

IT IS SO ORDERED.